UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNE MAYFIELD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>T. MYRICK, et al.,<br><br>　　　　Defendants. | Case No. 18-03648 BLF (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate order.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims that she discovered a calculation error in the amount of time she had served for a conviction out of San Bernardino County. (Compl. at 3.) After she notified Defendants of the error, she claims they first ignored her and then notified her that "all credits have been applied correctly." (*Id.* at 5.) Plaintiff seeks compensatory and punitive damages. (ECF No. 1 at 3.)

If a state prisoner's time credits have been improperly computed, he may have a claim for denial of due process, *see Haygood v. Younger*, 769 F.2d 1350, 1355-58 (9th Cir. 1985) (en banc), *cert. denied*, 478 U.S. 1020 (1986), which generally may only be remedied by way of a petition for a writ of habeas corpus, *see Young v. Kenny*, 907 F.2d 874, 876-78 (9th Cir. 1990), cert. denied, 498 U.S. 1126 (1991); *accord Toussaint v. McCarthy*, 801 F.2d 1080, 1096 n.14 (9th Cir. 1986), cert. denied, 481 U.S. 1069 (1987). Here, Plaintiff is alleging that her time credits have not being properly calculated. Accordingly, this action should be brought as a petition for a writ of habeas corpus rather than a § 1983 action. *Id.* Furthermore, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Here, Plaintiff has not established that her sentence has been invalidated as she asserts that she is currently incarcerated illegally. (Compl. Attach. at 2.) Accordingly, the claims is barred

2

by *Heck*.

Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the opposite is not true: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, Plaintiff may seek relief for the allegedly improper calculation of time credits by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## CONCLUSION

For the reasons set forth above, this action is DISMISSED without prejudice to filing as a new habeas action under 28 U.S.C. § 2254.

The Clerk shall enclose two copies of the court's form petition with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

**Dated:** October 15, 2018

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.18\03648Mayfield_dism(cr-hc)